IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**Anthony T. Woods,**

    Plaintiff,

**vs.**                                                    No.  3:15-cv-597-DRH-SCW

**Southern Illinois University Carbondale**

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

On May 29, 2015, plaintiff filed a complaint against Southern Illinois University Carbondale alleging employment discrimination. The matter was assigned to the undersigned Judge on July 29, 2015. Presently before the Court is the plaintiff's motion to proceed *in forma pauperis* (Doc. 2), motion for appointment of counsel (Doc. 3), and motion for service of process at government expense (Doc. 4).

### II.  ANALYSIS

**A. Motion for Pauper Status and Motion for Service at Government Expense**

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners

alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff's motion survives § 1915(e)(2) review. Plaintiff signed a declaration contained in his motion to proceed *in forma pauperis* documenting his poverty. The action appears to be neither frivolous nor malicious. *See Schepers v. Commissioner of Indiana,* 691 F.3d 909 (mistakes on a sex offender registry can implicate constitutionally protected liberty interests). At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.

Accordingly, the Court **GRANTS** the plaintiff's motion to proceed in *forma pauperis* (Doc. 2) and his motion for service of process at government expense (Doc. 4).

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **Southern Illinois University Carbondale:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the defendant at the address given in the complaint (*see* Doc. 1, p. 1). If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant pursuant to Federal Rule of Civil Procedure 4(c)(3), and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is **FURTHER ORDERED** that plaintiff shall serve upon the defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Finally, plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* **Fed.R.Civ.P**. 41(b).

**B. Motion for Appointment of Counsel**

As to plaintiff's motion for appointment of counsel, the Court finds that the plaintiff has not demonstrated under Seventh Circuit standards that he is entitled to appointed counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*citing Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (*citing Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir.1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings, the Court is unable to determine whether plaintiff made a reasonable attempt to obtain counsel. Plaintiff does not state which

lawyers he has contacted or how he went about trying to find a lawyer. Plaintiff failed to respond to Question # 2 on the motion for recruitment of counsel. The Court notes that there is not a bright line test for compliance with this requirement. For example, calling a law office without having a meaningful discussion about the case does not qualify as an attempt to hire counsel on one's own in this Court's interpretation of the requirement.

Accordingly, the Court **DENIES** without prejudice the plaintiff's motion to appoint counsel (Doc. 3).

### III.  CONCLUSION

For the reasons discussed herein, the Court **GRANTS** the plaintiff's motion to proceed in forma pauperis (Doc. 2) and his motion for service of process at government expense (Doc. 4). The Court **DIRECTS** the Clerk's Office to complete service as directed herein. The Court **DENIES** without prejudice the plaintiff's motion to appoint counsel (Doc. 3).

**IT IS SO ORDERED.**

**Signed this 17th day of August, 2015**

Digitally signed by David R. Herndon
Date: 2015.08.17 14:34:48 -05'00'

United States District Court